THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CÉSAR GARCÉS, Defendant and Appellant.

No. 8153. Argued April 9, 1940.—Decided April 30, 1940.

*Diego E. Ramos* for appellant. *R. A. Gómez, Prosecuting Attorney (fiscal),* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

■ The appellant, César Garcés, was convicted of the offense supposed to be charged in the following complaint:

"I, P. Rodríguez Guzmán, Internal Revenue Agent, a resident of Arecibo, P. R., Gonzalo Marín St., of legal age, draw complaint against César Garcés for the crime of infraction to sections 16-a, 39 and 50 of the Internal Revenue Act, Act No. 85 of August 20, 1925, amended up to June 30, 1936, by Act No. 7, committed in the following manner: That on October 13, 1937, and in the city of Arecibo, of the Municipal Judicial District of Arecibo, which is a part of the Judicial District of Arecibo, P. R., the aforesaid defendant César Garcés, then and there, in an illegal, voluntary and malicious manner, and with the purpose of defrauding the Treasury of Puerto Rico, introduced in Puerto Rico and took out of the custody of the common carrier The Porto Rican Express Co. on the aforesaid date, according to way-bill No. 34,898, a package containing 'ONE PICTURE FRAME' weighing 12 pounds, and which merchandise is subject to taxation, without having paid the duty required by law. Facts contrary to the peace and dignity of the People of Puerto Rico."

The court below overruled a demurrer and we agree with the court that the complaint sufficiently shows the introduction into Puerto Rico of an article from another port other than Puerto Rico. *People* v. *Cabassa*, 30 P.R.R. 3, which the appellant cites, shows a case where the introduction might have been from another port in Puerto Rico.

■ However, we are satisfied neither by the opinion of the court nor by the brief of the *Fiscal* exactly what sections of the law the defendant may have violated or what he actually did. The appellant stresses the point that it is only section 16-*a* that requires a payment on or before a piece of merchandise is disembarked or received from the post-office or an express company, etc., as the case may be. The other sections that we have been able to find either refer to sales made by importers or else refer to the tax of 2 per cent that everyone must pay on introducing an article of merchandise and all this under regulations to be promul-

gated by the Treasurer of Puerto Rico. Referring, therefore, to the complaint, it is evident that the defendant was not charged with having made a sale in violation of the law or even with not having paid the 2 per cent chargeable to him under one or more of the various acts referring to that kind of excise tax.

Indeed, reading the complaint and giving the benefit of the doubt to the defendant, it would look as if the crime had been committed on the 13th of October 1937, on the very day when the defendant received the merchandise from the Porto Rican Express Co.

It may be that the pleader and the court below understood that the defendant had thereafter failed to pay the 2 per cent, but the complaint does not state such a violation.

Perhaps we may take judicial notice that ordinarily the Treasurer notifies persons introducing merchandise that the tax must be paid within a certain time, namely, 10 days. We are aware that recourse to a criminal court usually only takes place when a person subject to the tax refuses or inexcusably neglects to pay.

The judgment should be reversed and the defendant discharged.